UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 1:14-CR-29 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| GERALD DEWAYNE JACKSON | ) | |

# MEMORANDUM & ORDER

Defendant Gerald Dewayne Jackson ("Defendant") filed a motion to suppress evidence (Court File No. 31), which was referred to United States Magistrate Judge William Carter, who held a hearing and subsequently filed a Report and Recommendation ("R&R") concluding Defendant's motion should be denied (Court File No. 78). Defendant timely objected (Court File No. 79), and the government filed a response (Court File No. 80). For the following reasons, the Court **ACCEPTS AND ADOPTS** the R&R (Court File No. 78). Accordingly, Defendant's motion to suppress is **DENIED** (Court File No. 31).

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The following relevant facts, which are not in dispute, are taken from the R&R. Magistrate Judge Carter found the government witnesses credible, Chattanooga Police Department ("CPD") investigators Michael Early ("Early") and Kendon Massengale ("Massengale"). Early was assigned to investigate a home invasion that occurred on July 17, 2013, during which three armed black men approached a resident at a duplex on Birchwood Drive in Chattanooga as the resident was walking from his car to his home. After one of the men pistol-whipped the victim, they forced him into his home and stole numerous items, including a rifle and a 9mm pistol. Using the victim as a human shield, the men then forced their way into a neighbor's home, but fled when the alarm went off.

The following day, during his canvass of the area, Early spoke face-to-face with a neighbor who did not give her name because she feared retaliation. She told the officer that when she arrived late the night before, she noticed a car, which she had never seen before, parked in front of the residences. She said it was gray or silver and that the whole front bumper was missing. She took note of the strange vehicle. Given the seriousness of the robbery, Early looked for the car for days, until on August 6, 2013, he spotted a silver car missing its front bumper coming toward him on Amnicola Highway. He attempted to stop the car to investigate further; he was only successful once backup came and blocked the car.

As Early approached the car, he made a connection with another armed robbery reported to CPD. He had just left the police station, where he reviewed surveillance footage of an attempted robbery of the Kennedy Jewelry Store the day before. Two black males entered the store; one, who held a rifle, was at least 6'4", had a thin build, and sported shoulder-length dreadlocks. This suspect, the instant Defendant, exchanged gunshots with a store employee and both suspects fled the scene. The other suspect, who is the co-defendant in this case, was apprehended shortly after the attempted robbery. The video showed Defendant fleeing in a gray four-door car with wheels that appeared all black, as if the hubcaps were missing. Early noticed when he approached the car on August 6 that it was a silver four-door car with all black wheels because the hubcaps were missing; he also noticed that the passenger, Defendant, was tall and thin and had long dreadlocks. After calling the lead investigator on the jewelry store case, Early brought Defendant in for questioning.

Defendant moved to suppress various pieces of evidence, in part based on the original stop. Magistrate Judge Carter recommended the motion be denied and ruled that Early had reasonable suspicion to pull over the car.

## II.     STANDARD OF REVIEW

This Court must conduct a *de novo* review of those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1)(C). But *de novo* review does not require the district court rehear witnesses whose testimony has been evaluated by the Magistrate Judge. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). The Magistrate Judge, as the factfinder, had the opportunity to observe and hear the witnesses and assess their demeanor, putting him in the best position to determine credibility. *Moss v. Hofbauer*, 286 F.3d 851, 868 (6th Cir. 2002); *United States v. Hill*, 195 F.3d 258, 264–65 (6th Cir. 1999). The Magistrate Judge's assessment of witness testimony is therefore entitled to deference. *United States v. Irorere*, 69 F. App'x 231, 236 (6th Cir. 2003).

## III.    DISCUSSION

Defendant objects to the Magistrate Judge's conclusion that there was reasonable suspicion to initiate the traffic stop and argues that the Court should suppress all evidence resulting from the stop.[1] As opposed to an arrest, which requires probable cause, "an investigative detention is permissible when it is based upon specific and articulable facts which, taken together with rational inferences from those facts, give rise to a reasonable suspicion that the individual is, was, or is about to be engaged in criminal activity." *United States v. Hurst*, 228 F.3d 751, 757 (6th Cir. 2000) (internal quotations marks and alterations omitted). "The 'reasonable suspicion' necessary to justify such a stop 'is dependent upon both the content of information possessed by police and its degree of reliability.'" *Navarette v. California*, 134 S. Ct.

---

[1] Because, as explained below, the Magistrate Judge was correct in finding reasonable suspicion existed, there is no need to address whether evidence uncovered later should be suppressed as "fruit of the poisonous tree," as Defendant argues it should.

3

1683, 1687 (2014) (quoting *Alabama v. White*, 496 U.S. 325, 330 (1990)). Where the basis of the stop is a tip from an informant rather than first-hand observation by the police, the tip must exhibit "sufficient indicia of reliability to provide reasonable suspicion to make the investigatory stop." *Florida v. J.L.*, 529 U.S. 266, 270 (2000) (quoting *White*, 496 U.S. at 327). Two key considerations in assessing the indicia of reliability are the informant's credibility and basis of knowledge. *See Illinois v. Gates*, 462 U.S. 213, 233 (1983). A tip from a known informant is often more credible and thus more reliable because "[the informant's] reputation can be assessed and [she] can be held responsible if her allegations turn out to be fabricated." *Florida v. J.L.*, 529 U.S. 266, 270 (2000). A first-hand account of potentially criminal conduct given shortly after witnessing the events bears similar indicia of reliability. *Navarette*, 134 S. Ct. at 1689.

Here, Defendant contends that the information upon which reasonable suspicion was predicated was not reliable because it came from an anonymous source. Defendant argues the situation is similar to the one in *Florida v. J.L.*, where the Supreme Court determined that reasonable suspicion was not supported by an anonymous caller reporting to police "that a young black male standing at a particular bus stop and wearing a plaid shirt was carrying a gun." *J.L.*, 529 U.S. at 268. *J.L.* is not on point, however. First, although the source here would not provide her name (to protect herself from retribution, she said), Early was able to speak with her in person and could assess her credibility. He also spoke with her at her home, which meant he could likely find her again if necessary. She was thus not similar to the faceless, anonymous tipster in *J.L.* Second, the informant here was approached by police, not the other way around as in *J.L.* This bolsters the credibility of her statements to Early because it tends to decrease the chance that she had nefarious motives.

Defendant also argues that the presence of the strange vehicle was not readily connected

4

Case 1:14-cr-00029-CLC-CHS   Document 81   Filed 07/24/15   Page 4 of 5   PageID #: 583

with any crime. But the vehicle sighted was not innocuous given the context. The informant stated that she observed the bumperless car the same night as the robbery, near where the robbery took place, and that she took note of it because she had not seen it in the neighborhood before. This is enough to raise a reasonable suspicion that the distinct looking car Early saw on Amnicola Highway was connected with the robbery. And, as just noted, the underlying tip was reliable because Early approached the source at her home and had the opportunity to assess her credibility. Accordingly, Defendant's objection to the Magistrate Judge's conclusion that there was reasonable suspicion to stop the car is unfounded.

## IV. CONCLUSION

For the above reasons, the Court **ACCEPTS** and **ADOPTS** the R&R (Court File No. 78). Defendant's amended motion to suppress is **DENIED** (Court File No. 31).

**SO ORDERED.**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**